IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CALEB STUBBLEFIELD | § | |
| v. | § | CIVIL ACTION NO. 6:23cv25 |
| BOTIE HILLHOUSE, ET AL. | § | |

INITIAL REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Caleb Stubblefield, an inmate currently confined in the Henderson County Jail proceeding *pro se*, filed this lawsuit complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are Henderson County Sheriff Botie Hillhouse, Captain Cody Barnett, and Southern Health Medical, the healthcare provider for the Henderson County Detention Center.

**I. The Plaintiff's Complaint and Amended Complaint**

In his complaint, Plaintiff states that when he was arrested, the hospital in Athens put a boot on his foot "just to medically clear me." He states that he had problems with Southern Health taking steps to properly heal his feet, and they lied to him and told him in the X-ray comparison that his foot was healing well.

Later, however, Plaintiff states that he saw a physician in Athens named Dr. Fain, who told him that because his foot had not been properly cared for, he would never be able to walk properly or be able to do his line of work again. He says he was told that because of the boot, he had heavy bone deterioration in his tibia, and it was so bad that he cannot even have the proper procedure to fix it. Plaintiff contends that this was because Southern Health took months to get him an appointment.

When he finally got an appointment, after his family sent in over 20 complaints, Dr. Fain told him that "because of my foot being cared for improperly and the time span between the day of the break and the two months it took Henderson County Jail medical staff to make the appointment only after the multiple complaints." On January 5, 2023, Plaintiff states that Dr. Fain told him that "because the medical staff waited way too long to do something about my tibia that everything is growing back together out of place and that I will most likely need assistance walking for the remainder of my life."

Plaintiff's original complaint did not mention Sheriff Hillhouse or Captain Barnett. In his amended complaint, he explains that both of these Defendants were included in the lawsuit "because they were both fully aware of what was going on until multiple complaints were filed from my family. By the time they decided to help me at my second doctor visit Dr. Fain himself explained to me that Southern Health Medical waited too long for him to be able to perform the proper procedure."

**II. Discussion**

A. General Screening Standards

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees and identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Aa complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts that, taken as true, state a claim that is plausible on its face and thus does not raise a right to relief above the speculative level. Montoya v. FedEx Ground Packaging System Inc., 614 F.3d 145, 149 (5th Cir. 2010), *citing* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has factual plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged. Hershey v. Energy Transfer Partners, L.P., 610 F.3d 239, 245 (5th Cir. 2010); Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). This plausibility standard is not akin to a probability requirement, but asks for more than a possibility that the defendant has acted unlawfully. Twombly, 550 U.S. at 556.

Detailed factual allegations are not required, but the claim must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 677-78. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. Id. at 678.

A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible," if the complaint pleads facts merely consistent with or creating a suspicion of the defendant's liability, or if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. Rios v. City of Del Rio, Tex., 444 F.3d 417, 421 (5th Cir. 2006). *Pro se* plaintiffs are held to a more lenient standard than are lawyers when analyzing a complaint, but *pro se* plaintiffs must still plead factual allegations which raise the right to relief above the speculative level. Chhim v. University of Texas at Austin, 836 F.3d 467, 469 (5th Cir. 2016). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.

Although all well-pleaded facts are taken as true, the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. Gentilello v. Rege, 627 F.3d 540, 544 (5th Cir. 2010), *citing* Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005). Dismissal is proper if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. Rios, 444 F.3d at 421.

The Fifth Circuit has explained that while *pro se* complaints are construed liberally, the court is still bound by the allegations of the complaint and is not free to speculate that the plaintiff "might"

be able to state a claim if given yet another opportunity to amend the complaint. Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). The court explained as follows:

> For example, if an IFP plaintiff, in amending his complaint through a response to a questionnaire, alleges in his response that he received inadequate medical care while incarcerated, we should not reverse the dismissal of the complaint on the basis that the plaintiff could possibly add facts that would demonstrate that he was treated with deliberate indifference in the medical care that he received. As another example, if an IFP prisoner asserts in the questionnaire response that he has been denied recreation time, we should not reverse dismissal on the ground that he might also be able to assert a claim that the denial was in retaliation for his having filed a grievance.

Id. at 97.

    B. Application of the Standards to Plaintiff's Complaint

Plaintiff's contention that Sheriff Hillhouse and Captain Barnett "were both fully aware of what was going on" does not set out a viable claim that these officials were deliberately indifferent to Plaintiff's serious medical needs. *See* Odom v. Silva, civil action no. 6:19cv171, 2020 WL 5507272 (E.D.Tex. 2020) (conclusory allegation that defendant "was aware of what was going on" did not show deliberate indifference to medical needs); Robinette v. Gernale, civil action no. l:12cv489, 2014 WL 34793007 (E.D.Tex., September 25, 2014) (conclusory allegation that the warden was "made aware of problems with medical treatment" did not show deliberate indifference to medical needs). This allegation is simply an "unadorned, the-defendant-unlawfully-harmed-me accusation" consisting of naked assertions devoid of further factual enhancement. As such, it does not state a claim upon which relief may be granted. Iqbal, 556 U.S. at 678.

This is underscored by the fact that Plaintiff makes clear it was the medical staff, rather than the warden or jail captain, who were responsible for scheduling him or otherwise seeing that he received treatment. He states in his original complaint that he cannot have his foot fixed "due to Southern Health taking months to get me the appointment" and refers to "the two months it took Henderson County Jail medical staff to make the appointment."

Nor has Plaintiff set out a claim against Sheriff Hillhouse or Captain Barnett based upon their positions of authority. The Fifth Circuit has held that supervisors are not vicariously liable under

§1983 under any theory of supervisory liability for any actions or omissions by their employees. Alderson v. Concordia Parish Correctional Facility, 848 F.3d 415, 419 (5th Cir. 2017); *see also* Ashcroft v. Iqbal, 556 U.S. 662, 676, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*).

Instead, a supervisor may be held liable only if he affirmatively participates in the acts causing a constitutional deprivation or implements unconstitutional policies which causally result in the constitutional injury. Porter v. Epps, 659 F.3d 440, 446 (5th Cir. 2011). Plaintiff has not alleged any facts showing that Sheriff Hillhouse or Captain Barnett affirmatively participated in acts causing a constitutional deprivation or implemented unconstitutional policies or customs resulting in a constitutional injury. *See* Spiller v. City of Texas City, Texas Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (in order to satisfy the cause in fact requirement, the plaintiff must allege that the custom or policy served as the moving force behind the constitutional violation at issue or that his injuries resulted from the execution of the policy or custom; the description of the policy or custom and its relationship to the underlying constitutional violation cannot be conclusory, but must contain specific facts). Plaintiff offers no specific facts concerning any alleged policies or customs, nor how these may have led to an alleged constitutional deprivation.

Similarly, the fact that Sheriff Hillhouse and Captain Barnett may have seen the complaints from Plaintiff's family does not demonstrate personal involvement in any constitutional violation. Geiger v. Jowers, 404 F.3d 371-373-74 (5th Cir. 2005) (no constitutional right to have grievances or complaints resolved in the prisoner's favor); Cervantes v. Sanders, civil action no. 2:98cv187, 1998 WL 201628, 1998 U.S. Dist. LEXIS 10887 (N.D.Tex., July 13, 1998) (reading or responding to prisoner's grievance does not show personal involvement by prison official); Welch v. Grounds, civil action no. 5:11cv200, 2013 U.S. Dist. LEXIS 46081 (E.D.Tex., February 14, 2013), *Report adopted at* 2013 U.S. Dist. LEXIS 40866 (E.D.Tex., March 22, 2013 (correspondence sent to prison administrators does not create liability based on alleged personal knowledge of the matters contained

in that correspondence). Plaintiff has failed to state a claim upon which relief maybe granted against Sheriff Hillhouse and Captain Barnett.

## RECOMMENDATION

It is accordingly recommended that the Plaintiff's claims against Sheriff Hillhouse and Captain Cody Barnett be dismissed without prejudice for failure to state a claim upon which relief may be granted. It is further recommended that Sheriff Hillhouse and Captain Barnett be dismissed as parties to this lawsuit. The dismissal of these claims should have no effect upon the remaining claims and parties in the case.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted and adopted by the district court except upon grounds of plain error. Duarte v. City of Lewisville, 858 F.3d 348, 352 (5th Cir. 2017).

**So ORDERED and SIGNED this 8th day of March, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE