IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CALEB STUBBLEFIELD | § | |
| v. | § | CIVIL ACTION NO. 6:23cv25 |
| BOTIE HILLHOUSE, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Caleb Stubblefield, an inmate of the Henderson County Detention Center proceeding *pro se*, filed this civil rights action under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are Henderson County Sheriff Botie Hillhouse, Captain Cody Barnett, and Southern Health Partners Inc., the healthcare provider for the Henderson County Detention Center. Of these Defendants, Sheriff Hillhouse and Captain Barnett have previously been dismissed.

**I. The Plaintiff's Complaint**

In his complaint and amended complaint, Plaintiff asserted that when he was arrested, the hospital in Athens put a boot on his foot "just to medically clear me." He says that he had problems with Southern Health "taking the proper or any steps at all to properly heal my foot." He contends that they also lied to him and told him that in the X-ray comparison, his foot was healing well.

Plaintiff says that he went to Dr. Fain in Athens and was told that because his foot had not been properly cared for, he would never walk properly or be able to do his line of work again. Because he had the boot, he says that he had heavy bone deterioration in the tibia. However, he

states that he was told that he could not have the proper procedures done "due to Southern Health taking months to get me the appointment."

Plaintiff states that he is sending an X-ray as evidence that the medical staff neglected him. When he finally got an appointment to the orthopedist after his family had sent in over 20 complaints, Plaintiff says that Dr. Fain told him that because his foot had not been properly cared for and the time span between the day of the break and the two months it took to get him an appointment, they cannot perform the proper procedures to fit his foot properly. As of January 5, 2023, Plaintiff says that Dr. Fain told him that because of the delay, "everything is growing back together out of place" and he will likely need assistance walking for the rest of his life. Plaintiff includes a copy of what appears to be an X-ray depicting a foot, with several arrows hand-drawn on it pointing to different parts of the foot, but with no explanations or interpretations of the image.

In his amended complaint, Plaintiff says that he already sent in a statement of his claim, but he failed to mention Sheriff Hillhouse and Captain Barnett. He again says that Dr. Fain told him that Southern Health "waited too long for him to be able to perform the proper procedure."

## II. The Motion to Dismiss

The Defendant Southern Health Partners Inc. has filed a motion to dismiss arguing that the Court lacks subject matter jurisdiction because Plaintiff only alleged negligence and not the violation of a federal right, the Court lacks diversity jurisdiction, and Plaintiff has failed to state a claim even for medical negligence. Plaintiff did not file a response to the motion to dismiss.

## III. Discussion

### A. General Standards for Motions to Dismiss

Fed. R. Civ. P. 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." In order to survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief which is plausible on its face. *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The Supreme Court stated that Rule 12(b)(6) must be read in

conjunction with Fed. R. Civ. P. 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 555.

Fed. R. Civ. P. 8(a) does not require "detailed factual allegations but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. Courts need not accept legal conclusions as true, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are not sufficient. *Id*. at 678.

A plaintiff meets this standard by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible," or if the complaint pleads facts merely consistent with or creating a suspicion of the defendant's liability. *Id.*; *see also Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006).

*Pro se* plaintiffs are held to a more lenient standard than are lawyers when analyzing a complaint, but *pro se* plaintiffs must still plead factual allegations which raise the right to relief above the speculative level. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

If the facts alleged in a complaint do not permit the court to infer more than the mere possibility of misconduct, a plaintiff has not shown entitlement to relief. *Id*. (citing Fed. R. Civ. P. 8(a)(2)). Dismissal is proper if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios*, 444 F.3d at 421.

The Fifth Circuit has explained that while *pro se* complaints are construed liberally, the court is still bound by the allegations of the complaint and is not free to speculate that the plaintiff "might"

be able to state a claim if given yet another opportunity to amend the complaint. *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). The court explained as follows:

> For example, if an IFP plaintiff, in amending his complaint through a response to a questionnaire, alleges in his response that he received inadequate medical care while incarcerated, we should not reverse the dismissal of the complaint on the basis that the plaintiff could possibly add facts that would demonstrate that he was treated with deliberate indifference in the medical care that he received. As another example, if an IFP prisoner asserts in the questionnaire response that he has been denied recreation time, we should not reverse dismissal on the ground that he might also be able to assert a claim that the denial was in retaliation for his having filed a grievance.

*Id.* at 97.

### B. Application of the Standards to the Plaintiff's Claims

The Fourteenth Amendment guarantees pretrial detainees the right not to have their serious medical needs met with deliberate indifference. *Dyer v. Houston*, 964 F.3d 374, 380 (5th Cir. 2020). In order to succeed on such a claim, the plaintiff must show that (1) the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and (2) the official actually drew that inference. *Id., citing Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001). Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm. *Dyer*, 964 F.3d at 381; *see also Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference); *Stewart v. Murphy*, 174 F.3d 530, 533-34 (5th Cir. 1999) (physician's failure to discover earlier the ulcers which led to a prisoner's death might constitute negligence but not the requisite deliberate indifference).

In *Domino*, a prisoner expressed suicidal ideations and the psychiatrist returned him to his cell after a five-minute examination. The prisoner committed suicide two and a half hours later. The Fifth Circuit, in reversing a denial of summary judgment by the district court, stated as follows:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Rather, the plaintiff must show that the officials "refused to treat him, ignored his

> complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* Furthermore, the decision whether to provide additional medical treatment "is a classic example of a matter for medical judgment." *Estelle v. Gamble*, 429 U.S. 97, 107 (1972). And, "the failure to alleviate a significant risk that [the official] should have perceived, but did not," is insufficient to show deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 838 (1994).

*Domino*, 239 F.3d at 756.

Significantly, Plaintiff does not sue an individual in connection with his medical claims, but names Southern Health Partners Inc., the entity which provides health care services for the Henderson County Detention Center. A private company which has been contracted to provide medical services for a county jail is treated as a municipal or local government entity for purposes of 42 U.S.C. §1983. *Kibbey v. Collin County Detention Facility*, civil action no. 4:21cv799, 2023 U.S. Dist. LEXIS 48331, 2023 WL 2598666 (E.D.Tex., March 1, 2023), *Report adopted at* 2023 U.S. Dist. LEXIS 47060, 2023 WL 2593152 (E.D.Tex., March 20, 2023); *see also Valdez v. Corrections Corp. of America*, 263 F.3d 161, 2001 U.S. App. LEXIS 16279, 2001 WL 802698 (5th Cir., June 5, 2001). The liability of such a company, like the liability of a municipality such as a county, requires proof of three elements: (1) an official policy or custom; (2) promulgated by a municipal policymaker; (3) which was the "moving force" behind the violation of a constitutional right. *Webb v. Town of Saint Joseph*, 925 F.3d 209, 214 (5th Cir. 2019); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). Municipal liability under §1983 cannot be predicated on respondeat superior. *Piotrowski*, 237 F.3d at 578. In other words, a municipality or covered private entity cannot be held liable simply because it employs a tortfeasor. *Bass v. Parkwood Hospital*, 180 F.3d 234, 244 (5th Cir. 1999).

Plaintiff has not alleged any policy or custom on the part of Southern Health Partners which deprived him of a constitutional right. The Fifth Circuit has explained that the description of a policy or custom cannot be conclusory but must contain specific facts. *Spiller v. City of Texas City Police Department*, 130 F.3d 162, 167 (5th Cir. 1997). Plaintiff's allegations do not rise to the level of

deliberate indifference to his serious medical needs, whether or not they are sufficient to state a claim of negligence or medical malpractice under state law.

Nor can Plaintiff predicate a claim upon diversity jurisdiction, even had he expressly invoked it which he did not.[1] His requests for relief in his original and amended complaints simply sought "full compensation" or "complete compensation," without specifying an amount in controversy. When a complaint does not allege a specific dollar amount that is in controversy, the party seeking federal jurisdiction must offer summary judgment-type evidence to establish by a preponderance of the evidence that the claim exceeds the jurisdictional amount of $75,000.00. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Plaintiff has offered no evidence that his claim exceeds the jurisdictional amount. Consequently, to the extent that his complaint may be read to implicitly invoke diversity jurisdiction, he has failed to meet the requirements to do so.

## IV. Conclusion

In proceeding under Fed. R. Civ. P. 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon. These procedures alert him to the legal theory underlying the defendants' challenge and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid cause of action. This adversarial process also crystallizes the pertinent issues and facilitates appellate review of a trial court dismissal by creating a more complete record of a case. *Neitzke v. Williams*, 490 U.S. 319, 329-30, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

---

[1] The Defendant states that in his amended complaint, Plaintiff gave the address for Southern Health Partners as the Henderson County Detention Center. In his original complaint, Plaintiff stated that Southern Health Partners is headquartered in Tennessee, which is confirmed by the organization's website.

Plaintiff was given a meaningful opportunity to respond by the Defendants' motion to dismiss, but did not do so. A review of the pleadings, viewed with the liberality befitting his *pro se* status, demonstrates that Plaintiff has failed to state a claim upon which relief may be granted. The Defendant's motion to dismiss should be granted.

## RECOMMENDATION

It is accordingly recommended that the motion to dismiss filed by the Defendant Southern Health Partners Inc. (docket no. 17) be granted and the claims against Southern Health Partners be dismissed with prejudice. Because these are the last remaining claims in the lawsuit, it is further recommended that final judgment be entered accordingly.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

**So ORDERED and SIGNED this 2nd day of October, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE